UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILANDER H. MCCALEB, | ) |
| Petitioner, | ) |
| vs. | ) No. 4:12-CV-629 (CEJ) |
| DOUGLAS PRUDDEN, | ) |
| Respondent. | ) |

# MEMORANDUM

This matter is before the Court on the petition of Philander McCaleb for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

## I. Procedural History

Petitioner Philander McCaleb is currently incarcerated in the Tipton Correctional Center, pursuant to the judgment of the Circuit Court of the City of St. Louis, Missouri. On August 7, 2009, petitioner pled guilty, without a plea agreement, to assault in the second degree and driving with a revoked license. Resp. Ex. A at 10-24. On October 16, 2009, petitioner was sentenced to seven years imprisonment on the assault conviction and one year imprisonment on the driving with a revoked license conviction, with the two sentences to be served concurrently. Id. at 25-28.

On November 25, 2009, petitioner filed a motion for post-conviction relief under Missouri Rule 24.035. Id. at 34-42. An amended motion with request for an evidentiary hearing was filed by appointed counsel on August 24, 2010. The trial court denied petitioner's Rule 24.035 motion without a hearing. Id. at 60-64.

On September 13, 2011, the Missouri Court of Appeals of the Eastern District summarily affirmed the denial of post-conviction relief in a per curiam opinion. McCaleb

v. State, 353 S.W.3d 53 (Mo. App. E.D. 2011) (Resp. Ex. D). Along with its opinion, the appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Id.

In the instant § 2254 petition, petitioner alleges ineffective assistance of counsel.

## II. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if

"the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

### III. Discussion

Petitioner argues that his attorney was ineffective because he: (1) failed to inform petitioner that his character witnesses would be unable to testify at the sentencing hearing; (2) coerced petitioner to testify that he had no complaints concerning counsel's performance; and (3) misled petitioner about the sentence he would receive if he pled guilty.

Claims (2) and (3) were not raised on appeal and are, therefore, inappropriate for review by this Court. "A habeas petitioner must have raised both the factual and legal bases for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir.

2005). "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a federal habeas court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising those claims." Skillicorn v. Luebbers, 475 F.3d 965, 976-77 (8th Cir. 2007). Petitioner has not adequately shown cause, prejudice, or actual innocence.

However, even if the Court could reach the merits of these arguments, they would fail. Petitioner testified that no promises were made to him about the outcome of the sentencing hearing and that he was satisfied with counsel's performance. Resp. Ex. A at 23-24. The Eighth Circuit has held that "[s]olemn declarations in open court carry a strong presumption of veracity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990). Petitioner did not present any evidence showing that counsel coerced or misled the petitioner during the representation in order to overcome that presumption.

Petitioner's claim that counsel was ineffective because he failed to inform petitioner that his character witnesses would be unable to testify at the sentencing hearing was fairly presented to the state courts and is appropriate for review. In order to obtain an evidentiary hearing on a claim of ineffective assistance of counsel or to prevail on such a claim, petitioner must first show that his attorney's performance fell below an objective standard of reasonableness and second that the deficient performance prejudiced the defense. Strickland v. Washington, 446 U.S. 668, 687 (1984). To prove prejudice when a guilty plea is entered petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001). "Further, after entry of a guilty plea, the

effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea." Williams v. Bowesox, 2011 WL 3880539, *6 (E.D. Mo. Aug 31, 2011) (citing Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984)).

The appeals court found that petitioner failed to satisfy the first prong of Strickland. At the sentencing hearing, petitioner expressed that he was unaware that his character witnesses would be unable to speak on his behalf. Resp. Ex. at 23-24. Petitioner's counsel clarified for the trial court that he had previously told petitioner that his character witnesses "might be able to speak." Id. Petitioner argues that he understood "might" to mean "may," in that he was guaranteed to have the witnesses speak at his sentencing hearing. Petitioner's misinterpretation of the word "might" is not sufficient to prove that counsel's performance fell below an objective standard of reasonableness. Defense counsel did not mislead petitioner because a trial court has discretion to permit any individual to testify at a sentencing hearing. See Adams v. State, 951 S.W.2d 722, 725 (Mo. Ct. App. 1997) (citing Figgins v. State, 858 S.W.2d 853, 856 (Mo. Ct. App. 1993) ("[T]he trial court retains broad discretion to receive any information from any source it deems relevant to the sentencing process, including recommendations as to the appropriate sentence to be imposed."). Accordingly, it was not error for counsel to advice petitioner that his witnesses *might* be able to testify.

Furthermore, even if counsel's advice was inappropriate, the prejudice prong of Strickland cannot be satisfied. At the time of the sentencing, petitioner had already entered a guilty plea. Any ineffective assistance claim is relevant only to the extent that it affects the voluntariness of petitioner's plea. See Williams v. Bowesox, 2011 WL 3880539, at *6. Whether petitioner's character witnesses would be permitted to testify at the sentencing hearing has no conceivable bearing on whether petitioner voluntarily

pled guilty at his earlier plea hearing. Furthermore, as the appeals court stated: (1) petitioner did not contest the voluntariness of his guilty plea at sentencing, he only expressed that he wished his character witnesses would have written letters to the court instead; and (2) even if he had gone to trial and was convicted, his character witnesses would still not have been able to testify at sentencing.

Having reviewed the record, the Court cannot say that the appeals court misconstrued the facts, misapplied federal law, or overlooked important facts in denying petitioner's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. The record reflects that petitioner voluntarily pled guilty and received effective assistance of counsel. Petitioner's claim is denied.

Lastly, petitioner attempts to raise two new, but related, arguments in his reply. Petitioner contends that plea counsel was ineffective for failing to call his character witnesses at the sentencing hearing and the trial court erred by not permitting the witnesses to testify. Petitioner did not present these claims to the state courts and he does not show cause to excuse the procedural default, prejudice, or innocence. Therefore, federal review is inappropriate. See Osborne, 411 F.3d at 919; Skillicorn, 475 F.3d at 976-77.

However, even if the Court could reach the merits of these arguments, they would fail. As the appeals court noted:

> At the sentencing hearing, the court assured movant that it had read all materials submitted on his behalf, including information on the non-profit founded by movant, documentation of his employment, and a letter from his pastor. Both movant and movant's counsel requested leniency and discussed movant's efforts to improve his life, obtain employment, and become involved in community outreach initiatives. *Before he was sentenced, movant was able to tell the court who the character witnesses were and what they were going to say.* The court stated that it had considered all this information in determining movant's sentence. Movant

> has not alleged that the testimony from the character witnesses would have presented any new or different evidence.

Resp. Ex. D. at 7 (emphasis added).

Therefore, even if plea counsel ineffectively failed to call the witnesses or the trial court erred by not permitting the testimony, petitioner was not prejudiced. There is no evidence in the record and petitioner has not adequately shown how their testimony would have been any different from what was already presented to the court or how it would have changed the outcome of his sentencing hearing since the court did allow petitioner to summarize the content of the proposed testimony. See Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir. 2006) (Under federal law, counsel is not ineffective for not calling a witness whose testimony would have been cumulative).

## IV. Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A separate judgment in accordance with this Memorandum will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2014.